IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JACOB STEWART, #31788											PLAINTIFF

VERSUS								CIVIL ACTION NO.  2:10-cv-306-KS-MTP

RON KING, et al.											DEFENDANTS

MEMORANDUM OPINION

Plaintiff Stewart, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution (SMCI), filed this Complaint pursuant to 42 U.S.C. § 1983, on December 21, 2010.  The named Defendants are Ron King, Superintendent of SMCI;  Joy Ross, Lieutenant at SMCI; and Tracey Sanders, MDOC administrative remedy program adjudicator.  Upon liberal review of the Complaint and Responses [9, 13], the Court has reached the following conclusions.

Plaintiff complains about rule violation reports (RVR) issued to him in April and July of 2010, by prison officials.  Plaintiff was found guilty of the violations and as a result, he lost visitation, telephone and canteen privileges from April 2010 to November 2010.[1]   Plaintiff further complains that he *may* have to serve additional time in segregation and he is still awaiting re-classification which "could drastically alter the Plaintiff's confinement conditions."  Resp. [13] at 1.  Plaintiff states that when he was unable to visit with his family he suffered from depression, excessive headaches and loss of appetite.  Resp. [9] at 7.  Plaintiff alleges that the

---

[1] On February 2, 2011, the Court entered an Order [8] directing Plaintiff to file a written response to specifically state what punishment was imposed as a result of the complained of rule violation reports and Plaintiff was directed to state what injury, if any, he suffered by the Defendants' alleged actions. After review of Plaintiff's Response [9], filed February 18, 2011, the Court entered an Order [10] stating that it appeared Plaintiff lost visitation, telephone and canteen privileges from April to November of 2010, however, it remained unclear if Plaintiff lost any good time credits.  On March 11, 2011, Plaintiff filed a Response [13] stating that "[h]e does not receive[] any form of good time credits in connection with the sentence he currently [ ] serves." Resp. [13] at 1.

issuance of these violation reports and resulting punishment violated his constitutional rights. As relief, Plaintiff is requesting that "all RVRs dated 2010 [ ] be expunged from his master file," along with a loss of rank or termination of Defendant Ross.  Compl. [1] at 4.

In Plaintiff's Response [13], he adds complaints about a February 24, 2011, search of his housing building by prison officials, where he was randomly selected for a search of his person and property.  Plaintiff further states that on February 28, 2011, he was placed in "lock down" and forced to submit to a urinalysis test.  Plaintiff states that as a result of failing this urinalysis test, he was issued a rule violation report on March 3, 2011.  Plaintiff asserts various complaints regarding the issuance of this RVR, claiming that it violates MDOC policy and procedure.  In addition, Plaintiff speculates that he will be found guilty of this RVR and possibly suffer additional punishment as a result.

**I.  Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  The Court has permitted the Plaintiff to proceed *in forma pauperis*[2] in this action;  thus his Complaint is subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or the laws of the United States.  *West v. Atkins*,

---

[2]Plaintiff was granted permission to proceed *in forma pauperis* on February 2, 2011.

487 U.S. 42, 48 (1988); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir.), c*ert. denied*, 510 U.S. 820 (1993). Initially, the Court notes that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause. To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The United States Court of Appeals for the Fifth Circuit, applying *Sandin* has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)). The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); *King v. Sims*, No. 2:07cv136-MTP, 2009 WL 2497154, at * 5 (S.D. Miss. Aug. 14, 2009) (reclassification, reassignment and loss of canteen, phone and visitation privileges did not constitute a violation of Plaintiff's constitutional rights); *see also Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. June 15, 2000)(inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did

not implicate the protections of the Due Process Clause). Furthermore, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted). In sum, Plaintiff Stewart does not have a constitutionally protected right to visitation privileges, phone privileges, canteen privileges or a certain classification level while in prison.

To the extent Plaintiff may be asserting that MDOC policy and procedure was violated by these violation reports and resulting punishment, and by the lack of a timely response to his grievances, these allegations, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986))("A violation of prison regulations, without more, does not give rise to a federal constitutional violation."); *see also Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005)(inmate does not have a federally protected liberty interest in having prison grievances resolved to his satisfaction).

## II. Conclusion

As explained above, Plaintiff's loss of privileges, placement in administrative segregation and possible reduction in his custody level, does not amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Pichardo,* 73 F.3d at 613 (affirming frivolous dismissal of § 1983 suit arising out of classification level and placement in administrative segregation); *see also Farr v. Rodriguez*, 255 Fed. App'x 925 (5th Cir. 2007)(affirming frivolous dismissal of § 1983 suit arising out of classification as a gang-member and placement in administrative segregation); *Sharp v.*

*Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000)(dismissed appeal as frivolous of § 1983 suit regarding disciplinary violation and resulting placement in segregation).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED this the 3rd day of May , 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."